**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————————

No. 01-21265
Summary Calendar

———————————————

MITCHELL ENERGY & DEVELOPMENT CORPORATION,

Plaintiff-Appellee,

versus

VADA L. FAIN; LESTER G. TROLLINGER; JOHN F. WILKINS; GREER H. YOES,

Defendants-Appellants.

———————————————————————————

Appeal from the United States District Court
For the Southern District of Texas

———————————————————————————

November 19, 2002

Before HIGGINBOTHAM , SMITH, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT:

The parties to this appeal raise several questions: whether Mitchell Energy & Development

Corporation (MEDC) is a fiduciary of its Voluntary Incentive Retirement Program (VIRP); whether

the Texas prohibition on waivers of claims for unemployment compensation, TEX. LAB. CODE §

207.071 (Vernon 1996), "relates to" employee benefit plans and is thus preempted by the Employee

1

Retirement Income Security Act of 1974 (ERISA); whether the United States Secretary of Labor's requirement that states prohibit waivers of unemployment compensation claims triggers ERISA's federal savings clause, 29 U.S.C. § 1144, and thereby prevents preemption; whether the relief awarded to MEDC is available under the ERISA enforcement statute, 29 U.S.C. § 1132; and whether the district court correctly applied the five factors governing awards of attorney's fees, as set out in Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980). Notwithstanding the multiple issues on appeal, this case can be decided on the single issue whether ERISA's federal savings clause prevents preemption of the Texas prohibition on waivers of unemployment compensation claims. Because we find the Secretary of Labor's statement, requiring states to enact prohibitions similar to the Texas prohibition, is a rule for purposes of 29 U.S.C. § 1144, we hold that ERISA does not preempt Texas law and reverse the judgment of the district court.

Vada Fain, Lester Trollinger, John Wilkins, Greer Yoes (collectively "Retirees") opted into a VIRP offered by their employer, MEDC, by which they released claims "of any nature . . . relating to [their] employment or termination of employment" in exchange for enhanced retirement benefits. Notwithstanding this release, Retirees applied for unemployment compensation for the interval between the effective date of termination, February 15, and the expected first date of VIRP benefits, May 1. The Texas Workforce Commission (TWC) initially awarded benefits. MEDC's general counsel urged the Retirees, by letter, to withdraw their unemployment compensation claims. When Retirees persisted, MEDC had counsel appeal TWC's initial award. The TWC reversed, denying benefits, because Retirees had voluntarily retired. Retirees then filed a suit in Travis County, Texas, in April 2000 and that suit was still pending at the time appellate briefs were filed. MEDC brought the present suit seeking equitable enforcement of the terms of the VIRP under 29 U.S.C. § 1132. The

2

district court entered a final judgment granting MEDC's claim for equitable reimbursement for attorney's fees and expenses for its defense before the TWC and in the Travis County lawsuit, but denied MEDC's other claims. Mitchell Energy & Dev. Corp. v. Fain, 172 F. Supp. 2d. 880 (S.D. Tex. 2001). Retirees appealed.

On appeal, we review questions of fact for clear error, Davis Oil Co. v.Mills, 873 F.3d 774, 777 (5th Cir. 1989), and questions of law de novo, Dunn v. Commissioner, 301 F.3d 339, 348 (5th Cir. 2002).

The federal savings clause in ERISA provides that "[n]othing in [Title I of ERISA, including the preemption provision] shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States . . . or any rule or regulation issued under any such law." 29 U.S.C. § 1144(d). Appellants and their amici contend that allowing ERISA to preempt the Texas prohibition on waivers of claims to unemployment compensation would "impair" and "supercede" rules implementing the unemployment compensation system through federal grants to states, as provided by the Social Security Act, at 42 U.S.C. § 501 et seq.

The Social Security Act authorizes the Secretary of Labor to require states to enact laws containing "[s]uch methods of administration . . . as are found by the Secretary of Labor to be reasonably calculated to insure full payment of unemployment compensation when due . . . ." 42 U.S.C. § 503(a)(1). States must comply with these "methods of administration" in order to be certified to receive administrative grants and to give their employers the benefit of federal tax credits.[1]

The Secretary of Labor has set forth "methods of administration" pursuant to § 503(a)(1):

---

[1] Employers in non-complying states pay 6.2% federal tax on the first $7,000 of wages (or $434) for each covered employee, rather than the reduced 0.8% tax (or $56) imposed on employers in states meeting federal requirements. 26 U.S.C. § 3304(a).

3

> State law must provide that no waiver, assignment, pledge, or encumbrance of any right to unemployment compensation shall be valid; and that unemployment compensation payments shall be exempt from levy, execution, attachment, order for the payment of attorney fees or court costs, or any other remedy for the collection of public or private debts, prior to receipt by the claimant.

Unemployment Insurance Program Letter No. 45-89, ¶ 4.b. (Aug. 11, 1989), reprinted in 55 Fed. Reg. 1886 (1990). All fifty states (and the District of Columbia, the Commonwealth of Puerto Rico, and the Virgin Islands) prohibit waivers of claims to unemployment compensation.

MEDC contends the Secretary of Labor's statement is not a "rule or regulation" for 29 U.S.C. § 1144(d), but is merely a "policy" or a "requirement" because states have the option whether to participate in the federal/state unemployment compensation system. Under this definition, many things in the Code of Federal Regulations are not rules because the underlying conduct, from operating a nuclear reactor to listing on the New York Stock Exchange, is voluntary. In contrast, the Administrative Procedure Act (APA) defines "rule" to include "the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy." 5 U.S.C. § 551(4).

We adopt the APA's definition of rule for purposes of ERISA's savings clause, 29 U.S.C § 1144(d). The Secretary of Labor's statement is of particular applicability, it only applies to certified states, and implements the "methods of administration" required by the Social Security Act regarding the federal/state unemployment compensation system. 42 U.S.C. § 503(a)(1). Were ERISA to preempt Texas law, it would impair the operation of this system. By its own terms, ERISA does not preempt in such situations. 29 U.S.C. § 1144(d).

MEDC attempts to dodge the preemption issue entirely by proposing that its lawsuit is unrelated to appellant's unemployment compensation benefits. We disagree. The relevant clause

4

of the VIRP reads:

> I promise never to file a lawsuit or bring any administrative proceedings asserting any claims that are released under this Agreement and never to accept any recoveries or benefits which may be obtained on my behalf by another person or agency or through any class action lawsuit or similar proceeding. If I break this promise, I will pay all costs incurred by MEDC, its parent and any affiliate, and each of the foregoing's officers, directors, employees or agents including reasonable attorney's fees, in defending against my claims.

Because ERISA does not preempt TEX. LAB. CODE § 207.071, signatories of the VIRP did not release claims for unemployment compensation. Consequently, appellants are not "asserting any claims that are released" under the VIRP, and their promise to pay costs and attorney's fees is not reached.

REVERSED.